IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Devin W., <br><br> *Plaintiff*, <br><br> v. <br><br> Frank J. Bisignano, <br> Commissioner of Social Security, <br><br> *Defendant*. | Case No. 3:25-cv-50116 <br><br> Honorable Michael F. Iasparro |

## MEMORANDUM OPINION AND ORDER

Plaintiff Devin W. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying his application for supplemental security income.[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On April 21, 2022, Plaintiff filed an application for supplemental security income alleging a disability onset date of November 1, 2021. R. 62. Following a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision on January 29, 2024, finding that Plaintiff is not disabled. R. 15-28. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work involving "short and simple instructions within normal break periods and no work with the general public." R. 19. The ALJ found that Plaintiff can perform past relevant work as a stocker as well as other jobs that exist in significant numbers in the national economy. R. 26-27.

The Appeals Council denied Plaintiff's request for review on January 31, 2025, making the ALJ's decision the final decision of the Commissioner. R. 1-6; 20 C.F.R. § 416.1481. Plaintiff then filed this action seeking judicial review. Dkt. 1.

## STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* The court's review of the Commissioner's findings is subject to "a very deferential standard." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). When reviewing the ALJ's decision, the court's inquiry is limited to determining whether the ALJ's decision is supported by substantial evidence

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). *See* Dkt. 26.

1

or resulted from an error of law. *Mandrell v. Kijakazi*, 25 F.4th 514, 515 (7th Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "The threshold for substantial evidence 'is not high.'" *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (quoting *Biestek*, 587 U.S. at 103). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (internal quotation marks and citation omitted). To determine whether substantial evidence exists, the court reviews the record as a whole but "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052–53; *Beardsley v. Colvin*, 758 F.3d 834, 836 (7th Cir. 2014). Thus, "we will reverse an ALJ's decision only if the record compels a contrary result." *Thorlton*, 127 F.4th at 1081 (citation modified).

## DISCUSSION

Plaintiff challenges the Commissioner's decision on three grounds: (1) the ALJ ignored evidence favorable to Plaintiff; (2) the ALJ played doctor; and (3) the ALJ failed to properly address Plaintiff's subjective symptoms. Dkt. 13. As explained in further detail below, the Court does not find that any of these alleged errors warrant remand.

1) Cherry-picking evidence

Plaintiff first argues that the ALJ based his listing analysis on "an incomplete reading of the evidence cited" and complete ignorance of "favorable evidence in those same records." Dkt. 13, at 6. Plaintiff suggests that absent this cherry-picking of evidence, the ALJ would have correctly concluded that Plaintiff's impairments meet the criteria for Listing 12.04 (depressive, bipolar and related disorders) and Listing 12.06 (anxiety and obsessive-compulsive disorders). *Id.* at 6-11. To establish an impairment under either of these listings, Plaintiff must satisfy either the "B" or "C" criteria identified in the listing.[2] 20 C.F.R. § 404, Subpt. P, App. 1. Plaintiff makes no allegation that his impairments satisfy the "C" criteria so the Court will focus on the "B" criteria. Under the "B" criteria, Plaintiff must have an extreme limitation in one, or a marked limitation in two, of the four broad areas of mental functioning which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *Id.*

a. Ability to interact with others

Plaintiff takes issue with the ALJ's evaluation of all but the first area of mental functioning. In reference to Plaintiff's ability to interact with others, the ALJ found Plaintiff to have a moderate limitation. R. 18. Plaintiff argues that this finding was based on the ALJ's cherry-picking of evidence in which he recognized that Plaintiff socializes through computer games but failed "to note that [Plaintiff] states he *only* plays with his brother and family." Dkt. 13, at 10-11. While true

---

[2] The "A" criteria must also be satisfied but because the ALJ reasonably found that neither the "B" nor "C" criteria were met, a finding as to the "A" criteria would be inconsequential.

that the ALJ did not specifically describe who Plaintiff plays video games with, this exclusion does not persuade the Court that the ALJ's determination lacked substantial evidence. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) ("An ALJ need not discuss every detail in the record as it relates to every factor. Summaries of medical evidence, while definitionally 'partial and selective,' are appropriate." (quoting *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021))); *Lincoln v. Bisignano*, 173 F.4th 886, 893 (7th Cir. 2026) (affirming even where "the ALJ could have provided more detail concerning his evaluation of Lincoln's testimony"). The ALJ recognized Plaintiff's reports of "panic attacks . . . and lack of social skills" as well as his report of having been "laid off due to problems getting along with others." R. 18. However, the ALJ found that this evidence, when considered in the context of the entire record, only supported a moderate limitation in interacting with others. For example, the ALJ noted that Plaintiff denied having ever been fired and recognized that Plaintiff's treatment notes indicated that, although Plaintiff's mood and affect was anxious or depressed at times, it was also sometimes normal and euthymic. R. 18. The ALJ's conclusion that the entirety of the evidence showed only a moderate limitation in interacting with others was a reasonable conclusion and was based "on such evidence that a reasonable mind could find adequate." *Lincoln*, 173 F.4th at 892.

> b. Concentrating, persisting, or maintaining pace and adapting or managing oneself

Plaintiff next challenges the ALJ's determination in regard to the concentration and adaptation functions. That challenge similarly fails. Again, Plaintiff points to pieces of evidence he claims the ALJ ignored, namely related to Plaintiff's activities of daily living, but the Court does not find that the ALJ "presented a 'skewed version of the evidence,' or failed to 'minimally discuss' contrary evidence" in making these determinations. *Thorlton*, 127 F.4th at 1082 (first quoting *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014); and then quoting *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000)); *see also Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021) ("The ALJ's failure to mention a few limitations on some of Plaintiff's activities, if wrong at all, was not so 'patently wrong' as to warrant reversal."). Accordingly, remand is not warranted on these grounds.[3]

> c. Medical opinion evaluation

Plaintiff also argues that he "should have qualified under the listings based on the opinion of [the] consulting examining physician." Dkt. 13, at 8. The consultative examiner found that Plaintiff is markedly impaired in his ability to sustain concentration and persist, as well as his capacity for social interactions and adaptation. R. 415. Thus, Plaintiff is correct that an adoption of this opinion could have led the ALJ to conclude that Plaintiff is disabled as a marked limitation in two of the mental functions meets the "B" criteria of the relevant listings. But the ALJ found the consultative examiner's opinion unpersuasive. R. 26. Plaintiff disagrees with this determination.

---

[3] Plaintiff's heading for this argument suggests that the ALJ also erred in his RFC analysis, but Plaintiff's cherry-picking argument is solely focused on the ALJ's listing analysis. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments… are waived." (quoting *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991))).

When examining medical opinions, ALJs are required to articulate the persuasiveness of each opinion by considering the following factors: supportability, consistency, the source's relationship with the claimant, the source's specialization, and other factors as appropriate. 20 C.F.R. § 404.1520c(c). While ALJs are not required to address all these factors, they must explain their consideration of the two most important factors – supportability and consistency. *Id.* § 404.1520c(b)(2). In short, ALJs are required to "explicitly explain why particular medical opinions are consistent [or inconsistent] with the record as a whole" and "consider the internal supportability of a physician's medical opinion." *Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023). The ALJ's analysis of medical opinions must be allowed "to stand so long as the ALJ minimally articulated her reasons—a very deferential standard that the Seventh Circuit has, in fact, deemed lax." *Crowell v. Kijakazi*, 72 F.4th 810, 816 (7th Cir. 2023) (citation modified).

Here, the ALJ noted that the consultative examiner's opinion was supported[4] with "examination findings and [Plaintiff's] reports," but was not "consistent with, or supported by, the other medical evidence showing generally normal mental status examinations with fair attention and concentration, intact memory, generally logical and organized thought content." R. 26. This is all that is required to meet the "lax" standard to which the ALJ's opinion evaluation is subject. Nonetheless, Plaintiff suggests that this conclusion by the ALJ was influenced by his alleged cherry-picking of evidence. As described above, the Court recognizes that the ALJ did not "spell out in the record every piece of evidence that he considered and then accepted or rejected." *Yokosh v. Bisignano*, 170 F.4th 631, 639 (7th Cir. 2026) (quoting *Crowell*, 72 F.4th at 815). But the ALJ was not required to do so. *Id.*

Plaintiff also makes much of the fact that the ALJ noted that the consultative examiner evaluated Plaintiff after a one-time examination and made his conclusions based on what the consultative examiner himself recognized to be limited information. But these are proper considerations.[5] *See Bast v. Bisignano*, No. 25-cv-64-amb, 2025 WL 2495050, at *4 (W.D. Wis. Aug. 29, 2025) ([T]he ALJ did not discount the opinions solely because they were made after a one-time exam. He merely noted that the limited treatment relationship was a factor, which is permissible under 20 C.F.R. §§ 404.1520 & 416.920."); *Grotts*, 27 F.4th at 1278 (affirming where the ALJ's conclusion that medical opinions were persuasive was partially based on the fact that the physicians "saw much of the record"). And, when combined with the ALJ's consideration of the supportability and consistency factors, the ALJ's reasoning is "minimally articulated and well supported" and will not be overturned. *Yokosh*, 170 F.4th at 640.

---

[4] In his reply, Plaintiff asserts that "[t]he ALJ did not identify any flaw in the examiner's testing, observations, or reasoning." Dkt. 24, at 4. This is true. But this is only relevant to the supportability factor. The ALJ correctly considered all the factors, specifically finding the consultative examiner's findings to be inconsistent with the longitudinal record, and reasonably determined that the consultative examiner's opinion was unpersuasive.

[5] Plaintiff alleges in his reply that "[a] non-examining opinion cannot, standing alone, constitute substantial evidence sufficient to override a well-supported examining opinion" but provides no authority for this assertion. Dkt. 24, at 5. Even so, the ALJ found that the examining physician's opinion was not well supported in consideration of all the evidence, not just the opinions of the non-examining physicians. As described herein, that was a proper conclusion.

4

2) Playing doctor

Plaintiff next argues that the ALJ played doctor by choosing not to call a testifying expert, failing to point to any evidence that is inconsistent with Plaintiff's allegations, and classifying Plaintiff's treatment as "generally routine." Dkt. 13, at 11-13. The Court does not find that any of these alleged errors show that Plaintiff was playing doctor.

First, Plaintiff cites no authority to suggest that the ALJ had any responsibility to call a testifying expert, a decision that "is largely within the ALJ's discretion." *Debra B. v. Kijakazi*, No. 3:20-cv-50452, 2022 WL 1541335, at *3 (N.D. Ill. May 16, 2022). In fact, "[w]here the medical evidence is complete, the ALJ is not required to consult a medical expert." *Knorr v. Colvin*, No. 14-cv-1378-CJP, 2015 WL 7251926, at *7 (S.D. Ill. Nov. 17, 2015). Here, there has been no assertion made, and the Court finds no indication, that the medical evidence was incomplete. The ALJ had plenty of evidence – Plaintiff's own reports and testimony, Plaintiff's treatment records, and three medical opinions (two of which he found persuasive) – on which to base his decision. Thus, there was no reason to call a medical expert at the hearing.

Plaintiff's allegation that the ALJ failed to point to any inconsistencies between the evidence and Plaintiff's subjective symptoms similarly fails. "[A] commonsensical reading" of the ALJ's opinion shows that he did sufficiently evaluate Plaintiff's subjective symptoms and his determinations about the reliability of Plaintiff's allegations were not "patently wrong." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010); *Lincoln*, 173 F.4th at 893 ("[W]e review the ALJ's discussion of the evidence holistically."). The ALJ summarized Plaintiff's testimony, found that that testimony was "not entirely consistent with the medical evidence and other evidence in the record," and then went through the evidence that supported that conclusion. R. 20-25. For example, the ALJ took note of Plaintiff's suicide attempt in December 2021 but also recognized that "treatment notes generally reflected he denied suicidal/homicidal thoughts, plans or ideations" since that time. R. 19. The ALJ also recognized that Plaintiff had difficulties with social interactions but "was being more social" as of June 2022. R. 25. This is precisely the sort of analysis that the ALJ was required to provide.

The ALJ also noted that Plaintiff's "treatment has generally been routine," which is a proper consideration.[6] R. 21; *see also Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022) ("An ALJ is entitled to consider the course of a claimant's treatment." (citing 20 C.F.R. § 404.1529(c)(3)(v))). However, Plaintiff takes issue with this classification as he believes "[t]he ALJ is not qualified to determine what is considered 'generally routine' medical treatment." Dkt. 13, at 13. The record indicates that since April 2022, when Plaintiff filed his application for benefits, Plaintiff's treatment has consisted of medication management and intermittent therapy with "no further inpatient psychiatric hospitalizations or recommendations for same." R. 22. The Court sees no reason to second-guess the ALJ's conclusion that this treatment was routine especially where Plaintiff "has not pointed to evidence undermining the ALJ's characterization of

---

[6] Plaintiff also briefly argues that an improvement in symptoms is not the same as no limitation from those symptoms. Dkt. 13, at 12. This is true but the ALJ never made any such conclusion. He simply noted that Plaintiff had seen symptom improvement which is a valid consideration in a subjective symptom analysis. *See* 20 C.F.R. § 404.1529 (explaining that the "persistence" of symptoms will be considered).

[his] treatment or explaining why []he did not seek other forms of treatment." *Regina P. v. Saul*, No. 19 CV 3155, 2020 WL 4349888, at \*5 (N.D. Ill. July 29, 2020); *see also Carolyn R. v. Kijakazi*, No. 22 C 1519, 2023 WL 5748198, at \*5 (N.D. Ill. Sep. 6, 2023) (finding it reasonable for the ALJ to conclude "that the treatment record of limited counseling sessions and medication management with symptom improvement should be characterized as conservative"); *Shaun R. v. Saul*, No. 18 C 4036, 2019 WL 6834664, at \*8 (N.D. Ill. Dec. 16, 2019) (finding therapy and medication to be "fairly routine" treatment). Accordingly, the Court finds that remand is not warranted on this basis.

3) Subjective symptoms

Finally, Plaintiff argues that the ALJ violated Social Security Ruling ("SSR") 16-3p in his evaluation of Plaintiff's subjective symptoms. Dkt. 13, at 14. Plaintiff alleges that the ALJ used "boilerplate language" in finding that Plaintiff's symptoms were not supported by the record. *Id.* It is true "that mere boilerplate cannot support an ALJ's decision." *Gedatus*, 994 F.3d at 900. But "[t]he use of boilerplate language is not necessarily grounds to vacate the ALJ's decision if the ALJ otherwise justifies her decision." *Jarnutowski v. Kijakazi*, 48 F.4th 769, 775 (7th Cir. 2022). As described above, the ALJ did "otherwise justify his decision." *Id.* (citation modified). After using the contested boilerplate language, the ALJ then provided nearly five pages of analysis to support his conclusion that Plaintiff's symptoms were not as limiting as alleged. R. 21-25. Specifically, the ALJ discussed the inconsistencies between Plaintiff's reported symptoms and the record evidence, including Plaintiff's activities of daily living, his routine treatment and improvement with that treatment, and mental status examinations. This analysis of Plaintiff's subjective symptoms, both in the listing analysis and again in the RFC analysis, included more than "adequate supporting evidence for this court to uphold his credibility determination." *Tutwiler v. Kijakazi*, 87 F.4th 853, 859 (7th Cir. 2023). In short, the ALJ more than sufficiently detailed Plaintiff's longitudinal medical records and determined that the record evidence was inconsistent with the subjective symptoms Plaintiff testified about at the hearing in this matter.

Finally, in his reply, Plaintiff raises a new argument that the ALJ's RFC did not sufficiently account for the marked impairment in concentration found by the consultative examiner. Dkt. 24, at 6. However, as described above, the ALJ reasonably found that the consultative examiner's opinion was unpersuasive and instead concluded that Plaintiff has only a moderate limitation in concentration. Moreover, Plaintiff "hypothesizes" no work restrictions that he believes should have been included to account for this limitation. *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). Such a hypothesis is speculative in nature, and does not overcome the substantial evidence the ALJ relied upon and properly articulated in determining Plaintiff is not disabled.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reversal and remand is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed.

Entered: July 7, 2026                By: _____

                                     Michael F. Iasparro        .
                                     United States Magistrate Judge

6